United States District Court
Northern District of California

UNITED STATES OF AMERICA,

    Plaintiff,

  v.

HERI GARCIA,

    Defendant.

Case No.: CR 13-0601-JST (KAW)

RELEASE ORDER

## I. INTRODUCTION AND BACKGROUND

Defendant Heri Garcia is charged by indictment[1] with one count of being a felon in possession of a firearm and ammunition on August 20, 2011 in violation of 18 U.S.C. § 922(g)(1).

On April 9, 2014, the United States moved for Defendant's detention pursuant to the Bail Reform Act, and asked for a hearing as permitted by 18 U.S.C. § 3142(f). A detention hearing was held on April 14, 2014. Defendant was present, in custody, and represented by Assistant Federal Public Defender Jerome Matthews. Assistant United States Attorney James Mann appeared on behalf of the Government. The Court considered the bail report prepared by Pretrial Services, as well as the arguments of defense counsel and counsel for the Government. Pretrial Services and the Government believe that the risk of non-appearance could adequately be mitigated with sufficient conditions, but contend that Mr. Garcia should be detained as a danger to the community. Based on the following findings and the considerations to be made under the Bail Reform Act, the Court concludes that sufficient conditions exist to assure Mr. Garcia's appearance and to mitigate any danger he may pose to the community should he be released. For the reasons set forth below, the Court, therefore, orders that Defendant be released on a $75,000 bond with special conditions cosigned by three sureties.

---

[1] The Indictment was returned on September 12, 2013. Defendant was arrested on April 8, 2014.

## II.  RELEVANT LEGAL STANDARD

The Bail Reform Act requires that, in a pretrial posture, the government bears the burden of proving that a defendant poses a risk of flight and/or a danger to the community that cannot be mitigated through the imposition of conditions of release.  If the government does not meet its burden, the Court's duty is to fashion appropriate conditions that permit the defendant to remain out of custody during the preparation of his or her defense, while safeguarding against flight or community danger.  Close cases should result in release: "[t]o give effect to the principle that doubts regarding the propriety of release be resolved in favor of the defendant, the court is to rule against detention in close cases..." *U.S. v. Chen*, 820 F. Supp. 1205, 1208 (N.D. Cal. 1992) (Walker, J.) (quoting *U.S. v. Motamedi*, 767 F.2d 1403, 1405-06 (9th Cir. 1985)).

A person facing trial generally shall be released if some "condition, or combination of conditions ... [can] reasonably assure the appearance of the person as required and the safety of any other person and the community."  18 U.S.C. § 3142(c).  In non-capital cases, pretrial release "should rarely be denied." *Motamedi,* 767 F.2d 1403 at 1405; *see also U. S. v. Salerno*, 481 U.S. 739, 755 (1987) (upholding constitutionality of Bail Reform Act; "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception").

The court must order a defendant detained if the court finds that conditions cannot be fashioned to assure the defendant's appearance in court, or the safety of the community or another person.  18 U.S.C. § 3142(e)(1).  The government bears the burden of proof on either prong.  To prove that no condition or combination of conditions can assure that the accused will appear at required court hearings, the government must show by a preponderance of the evidence that the accused is a flight risk. *United States v. Aitken,* 898 F.2d 104, 107 (9th Cir. 1990).  The government must prove that defendant poses a non-mitigable danger to the community through clear and convincing evidence. *Motamedi*, 767 F.2d at 1406-1407.

Bail hearings generally proceed by proffer, and the rules of evidence do not apply.  18 U.S.C. § 3142(f).  At the hearing, the court determines whether any conditions in section 3142(c) will reasonably assure the defendant's appearance and the safety of the community or another person. *Id.*  The Bail Reform Act "mandates release of a person facing trial under the least

restrictive condition or combination of conditions that will reasonably assure the appearance of the person as required." *Motamedi*, 767 F.2d 1403, 1405.

In evaluating whether pretrial release is appropriate, a court must consider (1) the nature and circumstances of the offense, (2) the weight of the evidence, (3) the history and characteristics of the person (including his character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug and alcohol abuse, criminal history, or record concerning appearance at court proceedings), and (4) the nature and seriousness of the danger to any person or the community posed by the person's release. 18 U.S.C. § 3142(g); *Motamedi*, 767 F.2d at 1407.

### III.  RELEASE ORDER

Following a hearing under 18 U.S.C. § 3142(f), and considering the factors set forth in section 3142(g), the Court finds that a combination of conditions in section 3142(c) will reasonably assure Defendant's appearance in this case and the safety of any other person or the community. In particular, the Court considered the following facts and 3142(g) factors:

**A.  The Nature and Circumstances of the Offense and the Weight of the Evidence**

Defendant Heri Garcia is charged by indictment[2] with one count of being a felon in possession of a firearm and ammunition on August 20, 2011 in violation of 18 U.S.C. § 922(g)(1). The charged offense does not give rise to a rebuttable presumption of detention pursuant to 18 U.S.C. § 3142(e)(2).

The indictment alleges that Mr. Garcia possessed a firearm on or about August 20, 2011. According to the Government, Mr. Garcia was approached by police who reportedly observed him drinking from a beer bottle in a public parking lot. A search of the car he had been driving – which was registered to Mr. Garcia's sister – yielded a firearm located under the driver's seat. There is no evidence that Mr. Garcia was on parole or probation at the time. Counsel for the government and the defense cited DNA evidence that did not result in a match to Mr. Garcia's DNA, but could not exclude him as a possible contributor.

---

[2] The Indictment was returned on September 12, 2013. Defendant was arrested on April 8, 2014.

As to the weight of the evidence, while this is the least important factor, the evidence against Mr. Garcia does not appear to be conclusive at this point. Mr. Garcia was driving his sister's car, and it is unclear whether the DNA evidence will be sufficient to prove that Mr. Garcia possessed the firearm. As such, and given the presumption of innocence until proven guilty, this factor weighs in favor of release.

### B. The History and Characteristics of Defendant and the Nature and Seriousness of the Danger to Any Person or the Community

Mr. Garcia has significant ties to the community. He is 33 years old and has resided with his significant other in Pittsburg, California for one year. He has lived in the community for more than 20 years and has a lot of family in the area. When he was a child, he lived in Mexico for 8 to 10 years. He was born in Riverside, California and is a U.S. Citizen. He received his GED in 1999 and has taken computer classes at Diablo Valley College.

Mr. Garcia's employment history also weighs in favor of release. He has been employed as an electrician trainee for the past year. Prior to that time, he worked at odd jobs, and also attempted to establish a computer repair business that ultimately failed due to an insufficient amount of customers. Although it has not been confirmed with his employer, if Mr. Garcia is released on bail, he may be able to return to his current employment.

Mr. Garcia's juvenile criminal history consists of a prior arrest for murder in 1996, and a juvenile adjudication for assault with a deadly weapon in 1997. He also sustained an adult conviction for involuntary manslaughter in 1997, and received a sentence of eight years in prison. Through defense counsel, Mr. Garcia proffered that the 1996 juvenile murder arrest arose from a killing that took place at a party attended by numerous guests. Police reportedly arrested and/or detained everyone at the party, including Mr. Garcia. The Court notes that Mr. Garcia was released and that no charges were filed. Regarding the conviction for involuntary manslaughter, Mr. Garcia reported that he was released in 2009 and served one year on parole.

On or about December 1, 2011, after his arrest by local authorities on the present offense, Mr. Garcia suffered a misdemeanor conviction for driving under the influence of alcohol. He has had no contacts with the criminal justice system since that time.

Mr. Garcia proposed three sureties: Teresa Orozco, his significant other; Maria Leticia Acosta, his elder sister; and Luis Acosta, Ms. Acosta's husband. All three sureties are gainfully employed and appear to have a close and loving relationship with Mr. Garcia. Ms. Orozco suffered a prior misdemeanor conviction for petty theft; Mr. and Ms. Acosta each stated that they have no criminal history. Ms. Orozco stated that she is willing to act as Mr. Garcia's custodian.

The Court is mindful of Mr. Garcia's criminal history and prior history of gang association. However, the Court also takes into consideration his recent conduct. Mr. Garcia was released from custody in 2009, and discharged from parole without any record of parole violations. Notably, the present offense allegedly occurred on August 20, 2011. Mr. Garcia was arrested but not charged by local authorities, and has remained out of custody since that time. Except for his misdemeanor drunk driving conviction, which occurred in December 2011, Mr. Garcia has had no contact with law enforcement since the date of his arrest for being a felon in possession of a firearm. The Court finds that the passage of over two years without any contact with the criminal justice system also militates in favor of release.

Finally, the Court notes that in addition to his family support, Teresa Orozco, Mr. Garcia's significant other and recommended custodian, is expecting to give birth to their child. The Court believes that Mr. Garcia's desire to return to work and provide financial support to his family will provide additional assurances that he will not pose a danger to the community.

**C. Risk of Non-appearance**

According to Pretrial Services, the factors that suggest Mr. Garcia may be a risk of flight/nonappearance include his history of international travel (to Mexico every summer from the ages of 8 to 13 with the last travel there about 15 years ago), a somewhat unstable residential history including that he resided in Mexico, and his history of excessive alcohol use. Mitigating factors include his long-time residence in this district, his family ties to the district, his apparent lack of travel for over 10 years, his lack of a passport and that he was employed prior to his arrest for the instant offense, lack of mental illness and the bail resources willing to co-sign on his behalf. As such, Pretrial Services and the Government agreed that there are conditions of release available to mitigate the risk of flight or nonappearance.

Defense counsel proffered that Mr. Garcia does not pose a risk of flight, noting that Mr. Garcia gave a DNA sample to law enforcement agents and was therefore aware that he was being investigated in connection with the present offense. Mr. Garcia was arrested by agents without incident at his home as he was preparing to leave for work.[3] No evidence was presented at the hearing to suggest that there is reason to believe that Mr. Garcia has been engaged in criminal activity or that he otherwise presented a danger to the community since his arrests in 2011. Given his criminal history, however, the Court believes that the imposition of strict conditions of release that would allow him to continue to work and support his family is warranted.

### D.  Conclusion and 3142(c) Conditions of Release

The Court's inquiry with respect to the question of pretrial release is whether – considering the factors in section 3142(g) – any conditions or combination of conditions in section 3142(c) will reasonably assure Defendant's appearance and the safety of the community.

The Court finds that the Government has not demonstrated by a preponderance of the evidence that a risk of nonappearance cannot be mitigated, nor has it established by clear and convincing evidence that Defendant presents a current danger to the community that cannot be mitigated through appropriately strict conditions tailored to address those risks.

### IV.  CONCLUSION

Pretrial release should be denied only in rare circumstances, and any doubt about the propriety of release should be resolved in the defendant's favor. *Motamedi*, 767 F.2d at 1405. The Court concurs with Pretrial Services' assessment that conditions may be imposed to reasonably mitigate Defendant's risk of non-appearance. The Court, however, disagrees with Pretrial Services' assessment that no conditions may be imposed that can reasonably assure the safety of the community.

---

[3] Following the hearing, defense counsel informed the court that the government provided defense counsel with a Department of Homeland Security ("DHS") report of interview. According to defense counsel, the report states that on February 12, 2013, two DHS agents interviewed Mr Garcia at his residence concerning the present offense. Although this report was not proffered during the hearing, defense counsel believes that it supplies additional evidence that Mr. Garcia is not a flight risk.

In light of the foregoing, the Court believes that there are sufficient conditions to assure Mr. Garcia's appearance and to mitigate any potential danger he might pose to the community. For these reasons,

IT IS ORDERED that the U.S. Marshals release Heri Garcia from custody, and that Mr. Garcia abide the conditions set forth in the attached bond. Because the Government has indicated its intent to file a motion for revocation of this order pursuant to 18 U.S.C. Section 3145(a), execution of the order is HEREBY STAYED for twenty-four hours to permit counsel for the Government to file the motion.

IT IS SO ORDERED.

Dated: April 14, 2014

KANDIS A. WESTMORE
United States Magistrate Judge

| UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA | ORDER SETTING CONDITONS OF RELEASE AND APPERARNCE BOND | DATE 04/14/14 | CASE NUMBER CR13-0601-JST |
|---|---|---|---|

| NAME OF DEFENDANT Heri Garcia | | ADDRESS OF DEFENDANT 104 Yolo Court Bay Point, CA 94565 | TELEPHONE NUMBER |
|---|---|---|---|
| NAME OF SURETY Maria Leticia Acosta | RELATIONSHIP TO DEFENDANT Sister | ADDRESS OF SURETY 96 Beach Dr. Bay Point, CA 94565 | TELEPHONE NUMBER 925-595-6555 |
| NAME OF CUSTODIAN / SURETY Teresa Orozco | RELATIONSHIP TO DEFENDANT Significant Other | ADDRESS OF CUSTODIAN 104 Yolo Court Bay Point, CA 94565 | TELEPHONE NUMBER 925-446-2820 |

| AMOUNT OF BOND $75,000 | ☒ UNSECURED PR | ☐ SECURED BY $ | ☐ DEPOSIT RECEIVED RECEIVED FROM: | OTHER SECURITY POSTED TO BE POSTED BY: | TIME/DATE OF NEXT APPEARANCE 5/9/14 9:30a | COURTROOM/JUDGE JST |
|---|---|---|---|---|---|---|

## CONDITIONS OF RELEASE AND APPEARANCE

Defendant is subject to each condition checked.

☒ Defendant shall appear at all proceedings as ordered by the Court and shall surrender for service of any sentence imposed.
☒ Defendant shall not commit any federal, state, or local crime.
☒ Defendant shall not harass, threaten, intimidate, injure, tamper with, or retaliate against any witness, victim, informant, juror, or officer of the Court, or obstruct any criminal investigation. See 18 U.S.C. 1503, 1510, 1512, and 1513, on reverse side.
☒ Defendant shall not travel outside the Northern District of California, that is, these counties; Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa, San Benito, San Francisco, San Mateo, Santa Clara, Santa Cruz, and Sonoma. See map on reverse side.
☒ Defendant shall report in person immediately upon release and thereafter as directed to Pretrial Services in __Oakland__
   See addresses and telephone numbers on reverse side.
☒ Defendant ~~shall surrender all passports and visas to Pretrial Services by~~ _____ and shall not apply for any passports or other travel documents.
☒ Defendant shall not possess any firearm, destructive device, or other dangerous weapon.
☒ Defendant shall remain in the custody of custodian __Teresa Orozco__ at __104 Yolo Ct, Bay Point, CA__, who agrees to supervise him/her and to report any violation of a release condition to Pretrial Services. A custodian who fails to do so may be prosecuted for contempt.
☒ Defendant shall participate in (drug) (alcohol) (~~mental health~~) counseling, and submit to (drug) (alcohol) testing, as directed by Pretrial Services.
☒ Defendant shall not use alcohol ~~to excess and~~ shall not use or possess any narcotic or other controlled substance without a legal prescription.
☒ The Defendant shall maintain current verifiable employment, or if unemployed, the defendant shall seek employment or commence an educational program as directed by Pretrial Services.
☐ Defendant shall submit to a warrantless search of his/her person, place of residence and vehicle at the direction of Pretrial Services.
☐ Defendant shall have no contact with any co-defendant out of the presence of counsel.
☒ Defendant shall not change residence without prior approval of Pretrial Services.
☐ Defendant shall comply with the following curfew: _____ to _____.
☒ Defendant shall be subject to electronic or voice track monitoring. Defendant may leave home for the purpose of __Work, court, attorney visits, medical appts__
☐ Defendant must ☐ reside in Halfway House _____ ☐ participate in Residential Treatment _____
☒ The following conditions also apply:

Defendant will be released ~~upon~~ cellular monitoring system pending Ms. Orozco' obtaining a landline.

Defendant shall contribute to the cost of services provided by Pretrial Services as directed by Pretrial Services.

## CONSEQUENCES OF DEFENDANT'S FAILURE TO OBEY CONDITIONS OF RELEASE

Payment of the full amount of this bond shall be due forthwith, and all cash or property posted to secure it shall be forfeited. Judgment may be entered and executed against defendant and all sureties jointly and severally.
An arrest warrant for defendant shall issue immediately, and defendant may be detained without bail for the rest of the proceedings.
Defendant shall be subject to consecutive sentences and fines for failure to appear and/or for commiting an offense while on release. See 18 U.S.C. 3146 and 3147, on reverse side.

We, the undersigned, have read and understand the terms of this bond and acknowledge that we are bound by it until duly exonerated.

| SIGNATURE OF DEFENDANT [signed] 4-14-14 | SIGNATURE(s) OF SURETY(ies) [signed] 4-14-14 |
|---|---|
| SIGNATURE OF CUSTODIAN Teresa Orozco 4-14-14 | SIGNATURE OF MAGISTRATE JUDGE Kandis Westmore DATE 4/14/14 |

THIS ORDER AUTHORIZES THE MARSHAL TO RELEASE DEFENDANT FROM CUSTODY. ▶

1-CLERK OF COURT-WHITE COPY

# BOND CONTINUATION/SUPPLEMENT

**CASE NUMBER:** CR13-0601 JST

**NAME OF DEFENDANT:** Heri Garcia

## DEFENDANT WAS RELEASED ON _____
## SUBJECT TO THE FOLLOWING CONDITIONS:

☐ Defendant shall appear at all proceedings as ordered by the Court and shall surrender for service of any sentence imposed.

☐ Defendant shall not commit any federal, state, or local crime.

☐ Defendant shall not harass, threaten, intimidate, injure, tamper with, or retaliate against any witness or informant, juror or officer of the Court, or obstruct any criminal investigation. See 18 U.S.C. 1503, 1510, 1512, and 1513 on reverse side.

☐ Defendant shall not travel outside the Northern District of California, that is, these counties: Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa, San Benito, San Francisco, San Mateo, Santa Clara, Santa Cruz, and Sonoma. See map on reverse

☐ Defendant shall report in person, immediately upon release, and every_____, and by telephone every_____, by 4:00 p.m. to the U.S. Pretrial Office in _____. See addresses and telephone numbers on reverse side.

☐ Defendant shall surrender all passports and visas to the Court by_____ and shall not apply for any other passports.

☐ Defendant shall not possess any firearm, destructive device, or other dangerous weapon.

☐ Defendant shall remain in the custody of the custodian named above, who agrees to supervise him/her and to report any violation of a release condition to the U.S. Marshal. If the custodian fails to do so, he/she will be prosecuted for contempt of court.

> **TO NOTIFY U.S. MARSHAL:** Monday through Friday, 8:00 a.m. to 4:30 p.m. (415) 436-7659
> After hours, weekend and holidays (800) 336-0102

☐ Defendant shall participate in (drug) (alcohol) (psychiatric) counseling, and submit to drug testing, as directed by Pretrial Services.

☐ Defendant shall not use alcohol to excess and shall not use or possess any narcotic or other controlled substance without a legal prescription.

☐ The following conditions also apply:

**ADDITIONAL SURETIES:**

| NAME OF SURETY | ADDRESS | PHONE# |
|---|---|---|
| Luis Acosta | 96 Beach Dr, Bay Point, CA 94565 | 925-470-1492 |

**SIGNATURE OF SURETY:** [signed]   **DATE:** 4/14/14

| NAME OF SURETY | ADDRESS | PHONE# |
|---|---|---|
|  |  |  |

**SIGNATURE OF SURETY:**   **DATE:**

| NAME OF CUSTODIAN | ADDRESS | PHONE# |
|---|---|---|
|  |  |  |

**SIGNATURE OF CUSTODIAN:**   **DATE:**